UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8291 CAS (CTx) | Date | February 11, 2010 |
|---|---|---|---|
| Title | LUIS MACIAS v. ONEWEST BANK, F.S.B., ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT COURT | | |
|---|---|---|---|
| PAUL D. PIERSON | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   (In Chambers)   ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED

## I.   INTRODUCTION

On October 9, 2009, plaintiff Luis Macias filed the instant action against defendants OneWest Bank ("OneWest"); Aztec Foreclosure Corporation ("Aztec"); First United Home Loans ("First United"); and Does 1 through 50, in Los Angeles County Superior Court.  In the original complaint, plaintiff alleged a claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and various other state claims arising out of the mortgage loan transaction on his primary residence.  On November 12, 2009, defendants OneWest and Aztec removed the instant action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

On November 19, 2009, defendant OneWest Bank FSB filed a motion to dismiss plaintiff's complaint.  On December 29, 2009, the Court granted plaintiff leave to file an amended complaint.  On December 29, 2009, plaintiff filed an amended complaint ("FAC") against OneWest; Aztec; First United; and Does 1 through 50.  Plaintiff alleges claims for (1) breach of fiduciary duty; (2) fraud; (3) breach of implied covenant of good faith and fair dealing; (4) unconscionable contract; (5) unjust enrichment; (6) violation of Bus. & Prof. Code § 17200; (7) violation of Cal. Civil Code § 2943; and (8) injunctive relief.  Plaintiff alleges that he obtained a loan with First United in August 2006, and that OneWest is the successor in interest to OneWest.  FAC ¶¶ 6; 13.

On December 29, 2009, Aztec filed a declaration regarding "non-monetary status of defendant Aztec foreclosure corporation as to plaintiff's [FAC]."  Declaration of Robbie Weaver.  Aztec asserts that it is "simply the foreclosure trustee," with the power

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8291 CAS (CTx) | Date | February 11, 2010 |
|---|---|---|---|
| Title | LUIS MACIAS v. ONEWEST BANK, F.S.B., ETC.; ET AL. | | |

to foreclosure on the subject property that arises from the Deed of Trust securing the subject loan; and further, that Aztec has been named in the instant action solely in its capacity as trustee. Id. ¶ 2. Aztec contends that given that none of the claims arise out of allegations that it failed to perform any of its duties as a trustee, that, it "agrees to be bound by whatever non-monetary Order or Judgment that this Court issues with regard to the Deed of Trust which is the subject of this lawsuit." Id. ¶¶ 5-6.

On February 11, 2010, the Court deemed plaintiff's failure to file an opposition as his consent to the granting of defendant OneWest's motion to dismiss. Accordingly, the Court dismissed the action in its entirety as against OneWest with prejudice.

**II.   DISCUSSION**

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).

Remand may be ordered either for lack of subject matter jurisdiction or for any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8291 CAS (CTx) | Date | February 11, 2010 |
|---|---|---|---|
| Title | LUIS MACIAS v. ONEWEST BANK, F.S.B., ETC.; ET AL. | | |

defect in removal procedure. See 28 U.S.C. § 1447(c). Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). In the instant case, although defendants removed on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, plaintiff has since amended his complaint and eliminated the federal TILA claim. Further, plaintiff does not make any claims in the FAC that there exists a federal question, or that there is diversity between the parties, pursuant to 28 U.S.C. § 1332(a)(1).

The Ninth Circuit has held that "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). However, unless the amended complaint presents an independent jurisdictional basis for the state law claims, namely diversity, the court may decline to exercise supplemental jurisdiction over pendent state law claims when the federal claim has been dismissed and upon a determination that retaining jurisdiction over the case would be inappropriate. See id. at 977; 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) (finding that "the discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine").

Accordingly, defendants Aztec and First United are hereby ORDERED to SHOW CAUSE on or before **February 25, 2010**, why the Court should not decline to exercise supplemental jurisdiction over the pendent state law claims and remand the instant action to state court.

IT IS SO ORDERED.

|  | : | n/a |
|---|---|---|
|  | Initials of Preparer | PDP |