UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 09-8291 CAS (CTx) | Date | February 26, 2010 |
| Title | LUIS MACIAS v. ONEWEST BANK, F.S.B., ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| PAUL PIERSON | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** (In Chambers)  **DISCHARGING ORDER TO SHOW CAUSE & REMANDING THE INSTANT ACTION TO STATE SUPERIOR COURT**

On October 9, 2009, plaintiff Luis Macias filed the instant action against defendants OneWest Bank ("OneWest"); Aztec Foreclosure Corporation ("Aztec"); First United Home Loans ("First United"); and Does 1 through 50, in Los Angeles County Superior Court. In the original complaint, plaintiff alleged a claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and various other state claims arising out of the mortgage loan transaction on his primary residence. On November 12, 2009, defendants OneWest and Aztec removed the instant action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

On November 19, 2009, defendant OneWest Bank FSB filed a motion to dismiss plaintiff's complaint. On December 29, 2009, the Court granted plaintiff leave to file an amended complaint. On December 29, 2009, plaintiff filed an amended complaint ("FAC") against OneWest; Aztec; First United; and Does 1 through 50. Plaintiff alleges claims for (1) breach of fiduciary duty; (2) fraud; (3) breach of implied covenant of good faith and fair dealing; (4) unconscionable contract; (5) unjust enrichment; (6) violation of Bus. & Prof. Code § 17200; (7) violation of Cal. Civil Code § 2943; and (8) injunctive relief.

On February 11, 2010, the Court deemed plaintiff's failure to file an opposition as his consent to the granting of defendant OneWest's motion to dismiss. Accordingly, the Court dismissed the action in its entirety as against OneWest with prejudice.

On February 11, 2010, the Court also ordered defendants Aztec and First United to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 09-8291 CAS (CTx) | Date | February 26, 2010 |
|---|---|---|---|
| Title | LUIS MACIAS v. ONEWEST BANK, F.S.B., ETC.; ET AL. | | |

show cause on or before February 25, 2010, why the Court should not decline to exercise supplemental jurisdiction over the pendent state law claims and remand the instant action to state court.[1]  As of the date of this order, neither defendant has responded to the order to show cause.

Given that the amended complaint does not present an independent jurisdictional basis for the state law claims, namely diversity, the Court finds that retaining jurisdiction over the case would be inappropriate, and thus declines to exercise supplemental jurisdiction over the pendent state law claims.  See 28 U.S.C. § 1367(c)(3); Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) (finding that "the discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine").  Accordingly, the Court remands the instant action to Los Angeles County Superior Court.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

|  | : | n/a |
|---|---|---|
| Initials of Preparer | | PDP |

---

[1] As the Court noted in its February 11, 2010 order, although defendants removed on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, plaintiff has since amended his complaint and eliminated the federal TILA claim.  Further, plaintiff does not make any claims in the FAC that there exists a federal question, or that there is diversity between the parties, pursuant to 28 U.S.C. § 1332(a)(1).